Sternklar v Davis (2025 NY Slip Op 01055)

Sternklar v Davis

2025 NY Slip Op 01055

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Index No. 307602/17|Appeal No. 3744-3745|Case No. 2024-01588 2024-05750|

[*1]Sarah Sternklar, Plaintiff-Respondent,
v
Marvin Davis, Defendant-Appellant. 

Gourari Law, White Plains (Natalia Gourari of counsel), for appellant.
Altman & Company P.C., Southampton (Steven Altman of counsel), for respondent.

Order, Supreme Court, New York County (Laura E. Drager, J.), entered February 2, 2024, which, to the extent appealed from as limited by the briefs, denied so much of defendant husband's motion as sought to compel plaintiff wife to execute a deed and other transfer documents in accordance with the parties' stipulation of settlement, unanimously reversed, on the law, without costs, to grant so much of the motion as sought to compel the wife to execute the deed and transfer documents to convey the Bridgehampton property to the husband and the parties' children. Appeal from order, same court (Kathleen Waterman-Marshall, J.), entered April 4, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion for leave to renew and reargue, unanimously dismissed, without costs, as academic to the extent it sought to renew and as taken from a nonappealable order to the extent it sought to reargue.
The language at the center of the parties' dispute is contained in paragraph 10 of their stipulation of settlement and states: "[husband] shall irrevocably convey to the Children in equal shares in a manner to be determined solely by [husband] (e.g., in trust, gift of cash, property transfer, etc.) either (a) the sum of SIX HUNDRED AND SIXTY THOUSAND DOLLARS ($660,000), or (b) a one-quarter interest in the Bridgehampton House."
The meaning of the provision is clear and unambiguous: the husband must convey to both children in equal shares either $660,000 or 25% interest in the Bridgehampton property. In other words, depending on the husband's choice between option A or option B, the $660,000 or the 25% interest in the house will be divided equally among the children, with each child receiving either $330,000 or a 12.5% stake in the house. Had the parties — both represented by counsel at all relevant times —intended for each child to receive a 25% interest in the Bridgehampton home, they could have used that precise language in the heavily negotiated stipulation of settlement. However, they opted to say "to the children in equal shares" instead.
Since the stipulation of settlement is clear and unambiguous, reference to extrinsic evidence is not permissible (see Brad H. v City of New York, 17 NY3d 180, 186 [2011]; Consedine v Portville Cent. School Dist., 12 NY3d 286, 293 [2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025